**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                    No. 03-4334

FRANKLIN D. R. HARGROVE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-02-165)

Argued: February 26, 2004

Decided: April 5, 2004

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Larry Mark Dash, Assistant Public Defender, Norfolk,
Virginia, for Appellant. Arenda L. Wright Allen, Assistant United
States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Frank
W. Dunham, Jr., Federal Public Defender, Frances H. Pratt, Research
and Writing Attorney, Norfolk, Virginia, for Appellant. Paul J.
McNulty, United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Franklin Hargrove (Hargrove) appeals some of his convictions and his sentence arising from false written statements and testimony, which he gave under oath in connection with his June 1999 Chapter 7 bankruptcy petition and subsequent related bankruptcy proceedings. For reasons that follow, we affirm.

### I.

The grand jury's indictment against Hargrove charged seven counts. The jury returned a general verdict convicting Hargrove on all counts. Hargrove appeals his convictions with respect to only four of those counts—Counts Two, Four, Six, and Seven.* Count Two charged Hargrove with violating 18 U.S.C. § 152(3), by making false declarations in Schedules A, B, and F of his Chapter 7 bankruptcy petition, filed June 8, 1999. Count Four charged Hargrove with violating 18 U.S.C. § 1623, by falsely testifying and declaring under oath at a bankruptcy hearing (the July 1999 Hearing) that he did not own a parcel of real property known as "the Flagship Way Property" and that he only owned two vehicles valued at "[p]robably $400" each, (J.A. 20). Count Six charged Hargrove with violating 18 U.S.C. § 1623, by falsely testifying and declaring under oath at another bankruptcy hearing (the January 2000 Hearing) that he only owned two vehicles instead of the ten that he actually owned. Count Six listed all ten vehicles separately. Count Seven charged Hargrove with violating 18 U.S.C. § 1623, by falsely testifying and declaring under oath at a third bankruptcy hearing (the March 2000 Hearing) that he did not own certain vehicles and that he had certain amounts of money in var-

---

*Hargrove moved for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, at all times necessary to preserve his sufficiency of the evidence challenges for appellate review.

ious bank accounts. Notably, the district court gave the jury a unanimity instruction pertaining to all counts, which instructed the jury that it only needed to find one of the falsities alleged in each count to convict Hargrove on that count.

The district court sentenced Hargrove to a term of eighteen months' imprisonment and three years' supervised release. In calculating Hargrove's total offense level under the United States Sentencing Guidelines (the Sentencing Guidelines), the district court applied a two-level enhancement for obstruction of justice, pursuant to USSG § 3C1.1, resulting in a total offense level of fourteen. Offense level fourteen, when combined with Hargrove's Criminal History Category of I, produced a sentencing range of fifteen to twenty-one months' imprisonment. Hargrove challenges the district court's application of the USSG § 3C1.1 enhancement. Without the § 3C1.1 enhancement, Hargrove's sentencing range would have been ten to sixteen months' imprisonment. Hargrove filed a timely notice of appeal.

II.

A.

In reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, and we must sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.), *cert. denied*, 537 U.S. 1031 (2002). Also of relevance in the present appeal, is the longstanding rule that when a jury returns a general verdict on an indictment charging several acts in the conjunctive, the verdict stands if the evidence is sufficient with respect to any one of the several acts charged. *Griffin v. United States*, 502 U.S. 46, 56-57 (1991) (reversal not permitted where general verdict could have rested on a theory of liability without adequate evidentiary support, but adequate evidentiary support existed for valid alternative theory of guilt).

B.

Hargrove's sufficiency of the evidence challenge to his conviction on Count Two for violating 18 U.S.C. § 152(3) is without merit. Sec-

tion 152(3) provides that "[a] person who—(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11 . . . shall be fined under this title, imprisoned not more than five years, or both." 18 U.S.C. § 152(3).

With respect to the three distinct categories of assets and liabilities of which Count Two charges Hargrove with making false declarations in the bankruptcy schedules accompanying his Chapter 7 petition—*i.e.*, real property, motor vehicles, and outstanding civil judgments—Hargrove only challenges the sufficiency of the evidence with respect to his alleged intentional failure to disclose his ownership of the Flagship Way Property in Schedule A. He does not challenge the sufficiency of the evidence with respect to his alleged false declarations regarding his ownership of vehicles in Schedule B or his alleged false declarations regarding outstanding civil judgments in Schedule F. Thus, even assuming *arguendo* that insufficient evidence exists to support Hargrove's conviction on Count Two based upon his failure to list the Flagship Way Property on Schedule A, under *Griffin*, Hargrove's conviction on Count Two must stand. *Griffin*, 502 U.S. at 56-57.

## C.

Hargrove's sufficiency of the evidence challenge to his conviction on Count Four for violating 18 U.S.C. § 1623 is without merit. Section 1623(a) provides, in relevant part:

> Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1623(a).

Count Four charged Hargrove with violating 18 U.S.C. § 1623, by falsely declaring under oath that he owned no real property, and that he owned only two particular Chevrolet vehicles, valued at $400 each. On appeal, with respect to Count Four, Hargrove only challenges the sufficiency of the evidence with respect to his allegedly false denial of ownership of the Flagship Way Property. Thus, even assuming *arguendo* that the evidence is insufficient to support Hargrove's conviction on Count Four based upon his denial of ownership of the Flagship Way Property, under *Griffin*, Hargrove's conviction on Count Four must stand. *Griffin*, 502 U.S. at 56-57.

D.

Hargrove's sufficiency of the evidence challenge to his conviction on Count Six for violating 18 U.S.C. § 1623 is without merit. Count Six charged Hargrove with violating 18 U.S.C. § 1623, by falsely testifying and declaring under oath at the January 2000 Hearing that he only owned two vehicles, when in fact he owned a total of ten, including a 1988 Jaguar that he had not disclosed. Hargrove contends that insufficient evidence exists to support his conviction on Count Six, because: (1) he actually admitted to owning three vehicles at the January 2000 Hearing; and (2) the other vehicles the government alleges that he owned were not owned by him, but rather were owned by different corporations, as evidenced by such vehicles' certificates of title issued by the State of Virginia.

The gist of the government's response is that the corporations listed as title holders are actually sham corporations over which Hargrove had exclusive control. With the exception of the United States Shorin-Ryu Karate-do Association, we need not evaluate the evidence before the jury regarding the extent of Hargrove's control over the various corporations listed as the respective title owners of the various vehicles, which Count Six charged Hargrove with intentionally failing to disclose at the January 2000 Hearing. When viewed in the light most favorable to the government, the record contains more than sufficient evidence of Hargrove's ownership of the 1988 Jaguar to convict him on Count Six. Under *Griffin*, this is enough to affirm. *Griffin*, 502 U.S. at 56-57.

Hargrove incorporated the United States Shorin-Ryu Karate-do Association on May 17, 1988, as a nonstock, nonprofit corporation

under the laws of Virginia. Hargrove was the initial registered agent and sole initial director. Hargrove is also listed on other documents as the corporation's president. United States Shorin-Ryu Karate-do Association was terminated by operation of law numerous times, although Hargrove always managed to revive it by complying with the applicable Virginia statutes.

On April 25, 1998, Hargrove purchased a 1988 Jaguar, which vehicle was titled in his name on June 3, 1998. The corporate existence of United States Shorin-Ryu Karate-do Association was terminated by operation of law on September 30, 1998, and was not reinstated until June 22, 1999. In his application for reinstatement, Hargrove listed himself as the registered agent and as holding the corporate office of "President." (J.A. 986). At the time of its termination on September 30, 1998, Hargrove was listed as the registered agent and director, and the Flagship Way Property, where Hargrove resided at the time, was listed as the registered office address.

On February 13, 1999, only four months prior to his Chapter 7 petition, Hargrove transferred the title of his 1988 Jaguar to the then defunct United States Shorin-Ryu Karate-do Association. During his direct testimony at trial in this case, Hargrove admitted that he continued to drive the 1988 Jaguar after he transferred its title, although he said "[n]ot much, because it was easy to break down." (J.A. 622).

From the above evidence, a rational trier of fact could have found that, at the time of the January 2000 Hearing, Hargrove actually owned the 1988 Jaguar, and that his transfer of title to the then defunct, but later revived, United States Shorin-Ryu Karate-do Association was just a sham to protect an asset from liquidation in bankruptcy, such that he made a false declaration under oath at the January 2000 Hearing when he failed to include the 1988 Jaguar as one of the vehicles that he owned. *Cf. Buckeye Union Cas. Co. v. Robertson*, 147 S.E.2d 94, 97 (Va. 1966) (discussing ownership of a vehicle for insurance purposes and stating that a "title certificate [is] only prima facie evidence of ownership, and that the presumption of ownership evidenced by the certificate of title may be overcome by evidence that the true owner of the vehicle is a person other than the one in whose name the vehicle is registered"). Accordingly, we affirm Hargrove's conviction on Count Six.

E.

Hargrove's challenge to the sufficiency of the evidence to support his conviction on Count Seven for violating 18 U.S.C. § 1623 is without merit. Count Seven charged Hargrove with violating 18 U.S.C. § 1623, by falsely denying, under oath at the March 2000 Hearing, his ownership of a 1951 Pontiac Skychief, a 1958 Mercedes Benz, a 1963 Mercedes Benz, and a 1964 Mercedes Benz. Additionally, Count Seven charged Hargrove with making false statements regarding his bank accounts, while under oath at the March 2000 Hearing.

With respect to Count Seven, Hargrove only challenges the sufficiency of the evidence with respect to his alleged false statements about the vehicles. Indeed, he does not challenge the sufficiency of the evidence regarding his alleged false statements regarding his bank accounts. Therefore, under *Griffin*, even if the evidence is insufficient to support the allegations of Hargrove's false statements regarding the vehicles, his conviction on Count Seven stands. *Griffin*, 502 U.S. at 56-57.

In summary, we affirm Hargrove's convictions on Counts Two, Four, Six, and Seven.

III.

Lastly, Hargrove argues that the district court clearly erred in applying a two-level sentencing enhancement for obstruction of justice, pursuant to USSG § 3C1.1. USSG § 3C1.1 authorized the district court to increase Hargrove's offense level by two levels if the court found, by a preponderance of the evidence, that Hargrove willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing, and the obstructive conduct related to any of Hargrove's offenses of conviction and any relevant conduct or to a closely related offense. A defendant's perjury during his criminal trial is sufficient to support application of a § 3C1.1 enhancement. USSG § 3C1.1, comment. n.4(b).

Here, the district court found that the government proved, by a preponderance of the evidence, that Hargrove willfully testified falsely

on a material matter when he took the stand during his trial and denied owning the 1988 Jaguar. This finding is one among many alternative findings upon which the district court relied in applying the § 3C1.1 enhancement to increase Hargrove's offense level under the Sentencing Guidelines by two levels. This finding is not clearly erroneous. Accordingly, we affirm Hargrove's sentence.

## IV.

In conclusion, we affirm Hargrove's convictions on Counts Two, Four, Six, and Seven. We also affirm his sentence.

*AFFIRMED*